IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ANTHONY TURTURICI and           )
TRINISHA DANIELLE TURTURICI,          )
                                      )   2:10-CV-00146-GEB
        Appellants,                   )
                                      )   ORDER REVERSING DISMISSAL
     v.                               )   OF DEBTORS' ADVERSARY
                                      )   PROCEEDING[*]
NATIONAL MORTGAGE SERVICING LP,       )
                                      )
        Appellee.                     )
_____)

David Anthony Turturici and Trinisha Danielle Turturici ("Appellants" or "Debtors"), debtors in the underlying chapter 7 bankruptcy proceeding, filed an appeal on January 20, 2010, challenging the bankruptcy court's November 25, 2009 order dismissing Debtors' adversary proceeding. Debtors filed their appellant brief on April 25, 2010[1] and Appellee National Mortgage Servicing LP ("National Mortgage") submitted a response on May 9, 2010. Debtors waived filing a reply brief. For the reasons stated below, the bankruptcy court's dismissal of Debtors' adversary proceeding is reversed and this case is remanded to the bankruptcy court for further proceedings.

**I.   FACTUAL AND PROCEDURAL HISTORY**

On May 20, 2009, National Mortgage purchased a parcel of real property located at 6708 Palm Avenue in Fair Oaks, California

---

[*]  This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

[1]  Debtors' opening brief was untimely under Federal Rule of Bankruptcy Procedure 8009(a)(1) and they are cautioned that a late filing could warrant a sanction, including dismissal of their bankruptcy appeal. Fed. R. Bankr. P. 8001(a).

1

1  (the "Palm Avenue property") from ETS Services, LLC ("ETS") at a
2  trustee's sale for $217,000.  (App. to Appellant's Opening Br. 00011-
3  00012.)  The Palm Avenue property was Debtors' personal residence.
4       Two days after the trustee's sale, on May 22, 2009, Trinisha
5  Turturici filed a complaint in the California Superior Court for
6  Sacramento County against Homecomings Financial, Mortgage Electronic
7  Registration Systems, Inc., Citimortgage, National Mortgage, American
8  Mortgage Express Corporation and ETS, seeking to quiet title to the
9  Palm Avenue property, set aside the foreclosure sale and reform a loan
10 modification agreement with Homecomings Financial.  (Id. 00071-00077.)
11      Sixteen days after the trustee's sale, on June 5, 2009 at
12 approximately 9:15 a.m., Debtors filed a chapter 7 bankruptcy petition
13 in the Sacramento Division of the Bankruptcy Court for the Eastern
14 District of California.  (Id. 0001-0003.)  National Mortgage recorded
15 its trustee's deed upon sale for the Palm Avenue Property at
16 approximately 12:54 p.m. that same day.  (Id. 00011-00012.)
17      On July 21, 2009, Debtors filed a "Complaint for Avoidance
18 of Transfer and for Turnover of Property of the Estate and Opposition
19 to National Mortgage Servicing LP's Motion for Relief from Automatic
20 Stay," which initiated an adversary proceeding before the bankruptcy
21 court.  After National Mortgage's motion for a more definite statement
22 was granted, Debtors filed a first amended complaint in the adversary
23 proceeding on October 6, 2009.  Debtors allege in their first amended
24 complaint in the adversary proceeding claims under sections 522(h),
25 544 and 549 of the Bankruptcy Code and seek to avoid National
26 Mortgage's allegedly unperfected lien on the Palm Avenue property.
27      On September 14, 2009, the trustee filed a statement,
28 disclaiming any interest in the Palm Avenue property.  (Id. 000062.)

1  Specifically, the trustee stated he had "investigated the valuation of
2  the debtors['] [Palm Avenue property] . . . and determined that due to
3  the extreme 'upside down' equity position in the property that there
4  was no value to the bankruptcy estate." (Id.)  The next day, on
5  September 15, 2009, the trustee filed notice of his "Report of No
6  Distribution," which concluded that "there are no funds available from
7  the [Debtors' bankruptcy] estate for distribution to creditors."  The
8  Trustee also certified "that the estate of the [Debtors] has been
9  fully administered."  Debtors' bankruptcy was discharged in an order
10 filed on September 21, 2009.

11         After their discharge, on October 20, 2009, Debtors filed a
12 motion to compel the Trustee to abandon to them the Palm Avenue
13 property and "any claims thereto"; National Mortgage filed a
14 countermotion on November 3, 2009, seeking to compel the Trustee to
15 abandon to it the Palm Avenue property.  On November 17, 2009, the
16 bankruptcy court held a hearing on Debtors' and National Mortgage's
17 abandonment motions.  At the hearing, the bankruptcy court stated:

> Typical abandonment is to the debtor but that is
> without determining what the debtor's interest in
> the property happens to be . . . .  The appropriate
> thing for me to do, . . . is to conclude that the
> property is of inconsequential benefit to the
> estate, to grant the motion to abandon without
> taking sides on the question of the ownership of
> the property.  It's the subject of state court
> litigation as well as bankruptcy court litigation
> and I will let nature take its course.

24 (Id. 00086-00087.)  After alerting the parties that a minute order
25 would issue granting Debtors' abandonment motion, the bankruptcy court
26 further informed Debtors that at an upcoming status conference, the
27 court would "want to know why [it] should not dismiss th[e] adversary
28 proceeding."  (Id. 00088.)  Following the November 17 hearing, on

3

1  November 24, 2009, the bankruptcy court granted Debtors' abandonment
2  motion and denied National Mortgage's abandonment motion. (Id. 00090-
3  91.)
4          On November 24, 2009, a status conference was held in the
5  adversary proceeding.  (Id. 000104.)  At the conference, the
6  bankruptcy court questioned Debtors as to whether they had standing to
7  bring their claims under sections 544 and 549 of the Bankruptcy Code.
8  (See id. 000105-000108.)  The bankruptcy court also probed why the
9  substance of the adversary proceeding could not be resolved in state
10 court.  Specifically, the bankruptcy court stated:

> So the question is fundamentally a state law question about who owns the real property in question. And the state court communicated, and as I read the state court's grant of the demurrer, with leave to re-plead . . . . So there are remedies in state court if you have invalid foreclosure, and I don't see any reason to clutter up the bankruptcy machinery . . . .

16 (Id. 000114.)
17         After the status conference, the bankruptcy court filed an
18 order on November 24, 2009, dismissing Debtors' adversary proceeding.
19 (Id. 000115.)  The bankruptcy court's dismissal order states only:

> The court having abstained in favor of the state court to determine the ownership of the subject real property, IT IS ORDERED that this adversary proceeding is DISMISSED.

23 (Id.)
24         On December 8, 2009, Debtors moved to alter or amend the
25 bankruptcy court's judgment and sought relief from the dismissal
26 order.  Debtors argued their "adversarial complaint was dismissed at a
27 status conference . . . without reasonable notice and opportunity to
28 be heard in objection."  Further, Debtors argued that they "requested

4

additional time to address each of the court's concerns [but] . . . were denied additional notice or time to respond." National Mortgage opposed the motion. A hearing was scheduled for January 5, 2010; Debtors, however, did not appear.

In an order filed on January 5, 2010, the bankruptcy court denied Debtors' motion to amend the judgment, stating:

> This court previously dismissed this adversary proceeding for reasons stated on the record after giving plaintiff David Turturici, who is a self-represented attorney, an opportunity to articulate why he has standing, why the court should not abstain from hearing the dispute, why the complaint states a claim, and why the expiration of the automatic stay does not effectively lead to a mooting of the dispute. The plaintiffs contend there was surprise and that they were not prepared to address such questions . . . .
> The plaintiffs did not appear at the time set for the hearing on this motion, which they had set on calendar for January 5, 2010, at 9:30 a.m. The defendant did appear.
> The motion will be denied for two adequate, independent reasons. First, the plaintiffs, having set the matter on calendar for January 5, 2010, at 9:30 a.m., did not appear on that day and time. The defendant did appear through counsel. From this, the court infers that plaintiffs have abandoned their motion. Second, while the court is mindful that it did not provide an opportunity for advanced briefing on all of the questions that were addressed during the hearing at which the adversary proceeding was dismissed, it is satisfied that the extensive colloquy that occurred was adequate under the circumstances and that the court's ruling is well-taken on the merits. It is important to recall that the consequences of the ruling is that the plaintiffs, who contend that there was an improperly completed foreclosure sale, will be able to challenge the validity of the foreclosure sale in a non-bankruptcy forum.

On January 16, 2010, Debtors filed an appeal of the Bankruptcy Court's November 24, 2009 order dismissing their adversary proceeding and elected to have their appeal heard before the district court. (Id. 000127-29.)

Debtors argue their appeal presents four issues for decision:

1. Did the bankruptcy court err in its abstention order (dismissing the adversarial proceeding[])?
2. Did the bankruptcy court err in ruling the debtors lacked standing to pursue the turnover claims?
3. Did the bankruptcy court err in ruling that the debtors failed to state a valid claim?
4. Did the bankruptcy court err in ruling the claims were rendered moot?

(Appellants' Op. Br. 1.)

## I. LEGAL STANDARD

When considering an appeal of a bankruptcy court's ruling, a district court reviews the bankruptcy court's findings of fact under "a clearly erroneous standard" while "conclusions of law are reviewed *de novo*." Lundell v. Anchor Const. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir. 2000) (citing In re Lazar, 83 F.3d 306, 308 (9th Cir. 1996)). A bankruptcy court's decision to abstain is reviewed for abuse of discretion. In re Consol. Pioneer Mortg. Entities, 205 B.R. 422, 424 (B.A.P. 9th Cir. 1997) (citing C-Y Dev. Co. v. City of Redlands, 703 F.2d 375, 377 (9th Cir. 1983)); see also In re DeLorean Motor Co., 155 B.R. 521, 524 (B.A.P. 9th Cir. 1993) (stating that decisions to permissively abstain are reviewed for abuse of discretion).

## II. DISCUSSION

**A. Did the Bankruptcy Court Abuse its Discretion by Abstaining?**

Debtors argue the bankruptcy court abused its discretion in abstaining since the court "failed to address" the twelve factors that are to be considered by a court when deciding whether to abstain.

(Appellant's Op. Br. 8.)  Debtors also argue the bankruptcy court erred in its decision since their claims arise solely under the Bankruptcy Code; no state court will be able to decide their claims and there is no pending state court action.  (Id. at 10.)  National Mortgage responds that the bankruptcy court properly abstained under 28 U.S.C. § 1334(c)(1) since there was a concurrent state court proceeding that also involved title to the Palm Avenue property. (Appellee's Op. Br. 12-13.)

A bankruptcy court may, in its discretion, abstain from hearing an adversary proceeding under 28 U.S.C. § 1334(c)(1) ("section 1334(c)(1)").[2]  Section 1334(c)(1) provides in pertinent part: "nothing in this section prevents a district court in the interests of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(c)(1).  "Abstention can exist only where there is a parallel proceeding in state court.  That is, inherent in the concept of abstention is the presence of a pendant state action in favor of which the federal court must, or may, abstain."  Sec. Farms v. Int'l Brotherhood of Teamsters, 124 F.3d 999, 1009 (9th Cir. 1997). The Ninth Circuit has identified the following factors a court should consider when deciding whether to abstain under section 1334(c)(1):

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy

---

[2] Debtors argument that mandatory abstention was not required in this case is disregarded since only permissive abstention is at issue.

7

> court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

In re Tucson Estates, Inc., 912 F.2d 1162, 1167 (9th Cir. 1990) (citation omitted); see also In re Eastport Assocs., 935 F.2d 1071, 1076 (9th Cir. 1991) (adopting the abstention factors identified in In re Tucson). "Although the bankruptcy court should consider all twelve factors, one should not be beguiled into a false sense that a head count will yield the answer with mathematical certainty. Rather, the list serves to provide an intellectual matrix to guide the judge who considers abstention and to enable a reviewing court to ascertain whether there has been an abuse of discretion." In re Franklin, 179 B.R. 913, 928 (Bankr. E.D. Cal. 1995) (citing Eastport Assocs., 935 F.2d at 1075).

1. **Pending State Court Action**

Debtors argue that abstention was improper because there "was no pendant state action" since Debtors' state court complaint had been dismissed when the bankruptcy court acted. (Appellants' Opening Br. 10.) National Mortgage contends Debtors' state court proceeding was pending at the time of the bankruptcy court's dismissal. (Appellee's Op. Br. 12.)

Debtors filed their initial state court complaint seeking to quiet title to the Palm Avenue property on May 22, 2009. Debtors then

8

sought chapter 7 bankruptcy relief on June 5, 2009 and filed their initial complaint in the adversary proceeding on July 21, 2009. Therefore, at the time Debtors initiated their adversary proceeding, there was a pending state court proceeding and this threshold abstention requirement is satisfied. See In re Siragusa, 27 F.3d 406, 409 (9th Cir. 1994) (finding that since state court action was pending when debtor filed bankruptcy court complaint, there was a pending state court action for purposes of abstention); In re Baldwin Park Inn Assocs., 144 B.R. 475, 481 (C.D. Cal. 1992) (stating that a state court action is pending for abstention purposes if the state court action was "commenced at some point in time before the court considers abstention"); see also Wiener v. County of San Diego, 23 F.3d 263, 266 (9th Cir. 1994) (in the context of Younger abstention, stating that "[t]he critical question is not whether the state proceedings are still ongoing but whether the state proceedings were underway before initiation of the federal proceedings") (quoting Kitchens v. Bowen, 825 F.3d 1337, 1341 (9th Cir. 1987)).

**2.   Weighing of the Abstention Factors**

Debtors further argue the bankruptcy court erred in dismissing their adversary proceeding on abstention grounds since the court did not evaluate or address the In re Tucson "abstention" factors.  National Mortgage contends the bankruptcy court's decision to abstain was proper because "[i]f the bankruptcy court had . . . . retained jurisdiction over the issue of title to the Palm Avenue property, it is possible that different results on matters concerning the interest in real property situated in California . . . would have been reached . . . ."  (Appellee's Op. Br. 14.)

1     At the November 24, 2009 hearing, the bankruptcy court
2 probed Debtors as to whether they had standing to pursue their claims
3 and stated that the "fundamental issue" involved in both the state
4 court proceeding and Debtors' adversary proceeding is "who owns the
5 Palm Avenue property."  The bankruptcy court's dismissal order,
6 however, states "[t]he court having abstained in favor of the state
7 court to determine ownership of the subject real property, IT IS
8 ORDERED that this adversary proceeding is DISMISSED."
9     The record does not reveal that the bankruptcy court
10 considered the In re Tucson abstention factors when deciding to
11 abstain in this case.  "[B]y failing to consider the[se] twelve
12 [abstention factors]" "[t]he Bankruptcy Court abused its discretion
13 . . . ."  Snider v. Sherman, no. CV-F-03-6605 OWW, 2007 WL 1174441,
14 at *44 (E.D. Cal. Apr. 19, 2007); see also In re Davis, 177 B.R. 907,
15 913 (B.A.P. 9th Cir. 1995) (stating that "[w]e cannot affirm the order
16 dismissing the adversary proceeding as an exercise of discretionary
17 abstention . . . because the trial judge did not consider the
18 appropriate factors in making his decision.")  When the record does
19 not disclose that the bankruptcy judge "necessarily would have
20 dismissed the action if he had considered the appropriate factors"
21 "the order dismissing the adversary proceeding as an exercise of
22 discretionary abstention" cannot be affirmed.  In re Davis, 177 B.R.
23 at 913.  "Although there are factors that support dismissal . . .,
24 there [also are factors] . . . that weigh[] against dismissal . . . ."
25 Id.  Further, the relief sought by Debtors in their adversary
26 proceeding appears to differ from the relief sought in their state
27 court action; through their adversary proceeding, Debtors seek to
28 avoid an allegedly unperfected lien on their property and obtain

relief that could impact their bankruptcy petition and can only be awarded through a bankruptcy proceeding. Therefore, since the bankruptcy court has not explained the factors underlying its abstention decision, the bankruptcy court's order dismissing Debtors' adversary proceeding is reversed.

The bankruptcy court's decision to abstain is the only issue ripe for appeal. Although the bankruptcy court questioned whether Debtors had standing to bring the claims alleged in their adversary proceeding, and whether their claims remained ripe in light of the expiration of the automatic stay, the bankruptcy court did not expressly rule on these issues in its order. Therefore, these issues are not decided and this court expresses no opinion on the merits or viability of Debtors' claims alleged in their adversary proceeding complaint.

### IV.  CONCLUSION

For the reasons stated above, the bankruptcy court's order dismissing Debtors' adversary proceeding is reversed. This case is remanded to the bankruptcy court for further proceedings.

Dated: August 11, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge